Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MITCHELL HADDAD, an individual,<br>Plaintiff,<br>v.<br>DOES 1-50, inclusive,<br>Defendants. | Case No. 2:26-cv-10484<br><br>PLAINTIFF'S COMPLAINT FOR<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS COPYRIGHT INFRINGEMENT; AND<br>3. CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff, Mitchell Haddad ("Haddad" or "Plaintiff"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. This action has been filed by Plaintiff to combat the e-commerce store operators who are infringing Plaintiff's original copyrighted photograph (the "Subject Photograph") by reproducing and displaying the Subject Photograph, and marketing, selling, offering for sale, and/or otherwise distributing commercial products bearing

unauthorized reproductions and/or derivatives of the Subject Photograph (the "Offending Products"), without Plaintiff's authorization or consent, in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et seq.

2. Haddad is the sole owner of the Subject Photograph.

3. As set forth more fully below, Plaintiff has, to date, been unable to ascertain the true names, capacities, or identities of the individuals and business entities responsible for the infringement alleged herein, who conduct business through evasive and anonymized online seller accounts and storefronts operating on one or more third-party e-commerce marketplace platforms, including without limitation Walmart.com, eBay.com, and Etsy.com (collectively, the "Online Marketplace Platforms"). Plaintiff therefore brings this action against such presently-unidentified defendants as Does 1 through 50, inclusive ("Doe Defendants" or "Defendants"), and, concurrently with this Complaint, moves this Court for leave to take early, limited third-party discovery directed to the Online Marketplace Platforms for the purpose of ascertaining Defendants' true identities, the scope and geographic distribution of Defendants' sales (including sales into and contacts with the State of California), and such other information as is necessary to confirm this Court's personal jurisdiction over each Defendant and to permit Plaintiff to amend this Complaint to name and serve those Defendants who can be identified through that discovery.

4. Upon information and belief, the Doe Defendants are foreign individuals and/or business entities located in the People's Republic of China and/or other foreign jurisdictions, who transact business with United States consumers exclusively through the Online Marketplace Platforms and who have deliberately concealed their true names, identities, and physical locations in order to evade enforcement of intellectual-property rights and to frustrate their identification. Notwithstanding diligent efforts, Plaintiff has been unable to ascertain the Doe Defendants' true names and identities,

and Plaintiff will seek leave to amend this Complaint to name and serve each Doe Defendant once its identity has been ascertained.

5. Haddad brings this action for willful copyright infringement and for vicarious and/or contributory copyright infringement committed for purposes of commercial advantage or private financial gain through the reproduction, display, and/or distribution, including by electronic means, of copies of the Subject Photograph, in violation of 17 U.S.C. § 501, and for all damages, profits, and other remedies available to Plaintiff under the Copyright Act.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the claims in this action arising under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because Plaintiff Mitchell Haddad resides in this district — in Burbank, California — and a substantial part of the events giving rise to the claims, including the harm suffered by Plaintiff as a result of Defendants' infringing conduct, occurred and continues to occur in this district.

8. Upon information and belief, this Court has personal jurisdiction over each Doe Defendant because each Defendant directs its infringing conduct at, and transacts business with, consumers throughout the United States, including within the State of California and this district, through fully interactive, commercial internet stores and online marketplace listings that are accessible to, and enable purchases by, consumers located in California. Plaintiff is, as of the filing of this Complaint, unable to plead the specific volume or dollar amount of each Doe Defendant's sales into California, and states that the early, limited third-party discovery sought concurrently herewith is intended to develop and confirm that showing as to each Defendant before Defendants are named and served.

9. Alternatively, to the extent any Doe Defendant is found not to be subject to jurisdiction in any state's court of general jurisdiction, such Defendant is subject to personal jurisdiction in this district under Federal Rule of Civil Procedure 4(k)(2) because (i) Plaintiff's claims arise under federal law, and (ii) the exercise of jurisdiction is consistent with the United States Constitution.

10. Upon information and belief, this Court's exercise of personal jurisdiction over each Doe Defendant is proper because each Defendant has purposefully directed its infringing conduct at the State of California and this District. Among other things, each Doe Defendant (i) operates one or more fully interactive, commercial storefronts on the Online Marketplace Platforms through which consumers in California and this District can and do transact business; (ii) has offered to ship, and upon information and belief has shipped, the Offending Products to consumers located in California, including this District; (iii) lists the Offending Products for sale in the English language and accepts payment in United States currency, targeting consumers in the United States, including California; and (iv) committed intentional acts of infringement that each Defendant knew, or reasonably should have known, would cause harm to Plaintiff in California, where Plaintiff resides and where his economic injury is centered. Plaintiff's claims arise out of and relate directly to these California-directed contacts, and the exercise of personal jurisdiction over each Defendant comports with due process.

11. Plaintiff is further informed and believes, and on that basis alleges, that the Doe Defendants purposefully directed their marketing and sale of the Offending Products at California, and in particular at consumers in the Los Angeles metropolitan area and this District, because the Subject Photograph depicts Kobe Bryant — a Los Angeles Lakers player whose legacy and popularity needs no elaboration — wearing a Los Angeles Dodgers hat, imagery that carries a distinctive and heightened commercial appeal among consumers in Los Angeles and the Central District of

California. Upon information and belief, the Doe Defendants selected, reproduced, and marketed the Offending Products bearing the Subject Photograph precisely in order to exploit that local appeal and to sell the Offending Products to consumers in this forum, thereby purposefully availing themselves of the California market and expressly aiming their infringing conduct at this District.

## PARTIES

12. Plaintiff Mitchell Haddad is an individual and resident of Burbank, California. Haddad is a renowned photographer who has photographed some of the most prominent individuals in the world.

13. Haddad owns the copyright in the Subject Photograph identified in **Exhibit A** hereto and is engaged in the business of creating and developing original photographic works that he licenses to third parties for financial compensation.

14. Haddad holds a U.S. copyright registration covering the Subject Photograph, as set forth in **Exhibit A**.

15. Defendants Does 1 through 50, inclusive, are individuals and/or business entities of presently unknown identity, capacity, and citizenship who, upon information and belief, own and/or operate one or more unidentified seller accounts and/or storefronts on the Online Marketplace Platforms through which the Offending Products are and have been offered for sale and sold. The true names, whether individual, corporate, or otherwise, of the Doe Defendants are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious designations pursuant to Federal Rule of Civil Procedure 10(a), and will seek leave of Court to amend this Complaint to allege the true names and capacities of the Doe Defendants once the same have been ascertained through the early discovery sought concurrently herewith.

16. Plaintiff is informed and believes, and on that basis alleges, that each Doe Defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of one or more of the remaining Defendants, and was at all times

acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment, and actively participated in, subsequently ratified, and/or adopted the acts and conduct alleged herein with full knowledge of the violation of Plaintiff's rights and the resulting damage to Plaintiff.

## GENERAL ALLEGATIONS

17. The Doe Defendants create and operate numerous online seller accounts and storefronts on the Online Marketplace Platforms through which they advertise and sell the Offending Products, which incorporate the Subject Photograph without Plaintiff's authorization. Upon information and belief, the Doe Defendants, or certain groups of them, are related and share unique identifiers, such as similarities in product presentation and pricing, establishing a logistical relationship among them and suggesting they are interrelated and that each is likely selling counterfeit and infringing goods obtained from the same or a related source.

18. Upon information and belief, the Doe Defendants, and each of them, conduct business throughout the United States, including within the State of California and this district, through the operation of fully interactive commercial online marketplace storefronts. Each Doe Defendant targets the United States, including California, and has offered to sell and/or has sold Offending Products to residents of California via the internet.

19. Upon information and belief, the Doe Defendants have engaged in conduct designed to conceal their true identities and the full scope of their sales, including by providing false and/or misleading identifying information to the Online Marketplace Platforms on which they operate. Third-party service providers, including online marketplaces, do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to routinely use false or inaccurate names and addresses when registering seller accounts. As a direct

consequence of this conduct, Plaintiff has been unable, notwithstanding diligent efforts, to ascertain Defendants' true names or the complete scope of their California contacts without the assistance of early, limited third-party discovery directed to the Online Marketplace Platforms.

20. Upon information and belief, the Doe Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling the Offending Products, and will likely continue to sell and offer for sale products bearing unauthorized use of the Subject Photograph unless preliminarily and permanently enjoined.

21. The Doe Defendants, through the unauthorized use of the Subject Photograph, are directly and unfairly competing with Haddad's economic interests, including within the State of California, and are causing Haddad harm and damage within this jurisdiction.

## PROPRIETY OF JOINDER

22. Joinder of the Doe Defendants in a single action is proper under Federal Rule of Civil Procedure 20(a)(2). Plaintiff's claims against the Doe Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences — namely, the coordinated and interrelated reproduction, display, distribution, and offering for sale of the same Subject Photograph, and of the same or substantially similar unauthorized reproductions and derivatives thereof, through storefronts on the Online Marketplace Platforms — and present questions of law and fact common to all Defendants.

23. Upon information and belief, the Doe Defendants do not act in isolation from one another, but rather operate as part of an interrelated network or common enterprise of online sellers that obtain the Offending Products, and/or the unauthorized reproductions of the Subject Photograph affixed to or embodied in them, from a common source, manufacturer, or supplier, or from a small number of related sources.

In furtherance of their common scheme, the Doe Defendants employ substantially similar means and methods, including, without limitation: (a) offering for sale Offending Products bearing the identical, or substantially identical, unauthorized reproduction or derivative of the Subject Photograph; (b) using substantially identical or materially similar product images, titles, descriptions, and listing templates, which in many instances appear to derive from a common image file or template; (c) employing similar pricing, fulfillment, and cross-border shipping practices; and (d) registering and operating multiple seller aliases in a coordinated manner designed to conceal their identities and to evade detection, enforcement, and account suspension.

24. The claims against the Doe Defendants present numerous questions of law and fact common to all Defendants, including, without limitation: (a) whether the Subject Photograph constitutes original, copyrightable subject matter in which Plaintiff owns a valid, subsisting copyright; (b) whether the Offending Products reproduce, display, distribute, and/or embody unauthorized copies or derivatives of the Subject Photograph; (c) whether the Doe Defendants' conduct was willful; and (d) the appropriate measure of damages and the propriety of injunctive and other equitable relief. Adjudicating these common questions in a single action will promote judicial economy and the just, speedy, and inexpensive determination of this action, and joinder will not cause undue prejudice to any Defendant.

25. Notwithstanding the use of the collective term "Doe Defendants," each of the allegations in this Complaint is asserted against each Doe Defendant individually. The particular seller alias, storefront, and offending listing(s) attributable to each Doe Defendant are identified, or upon their ascertainment will be identified, in a schedule of Doe Defendants to be filed with this Court, so as to afford each Defendant fair notice of the specific claims and conduct alleged against it. To the extent the Court determines that any Defendant has been misjoined, Plaintiff respectfully submits that

the appropriate remedy under Federal Rule of Civil Procedure 21 is severance rather than dismissal.

**FACTS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPH**

26. Haddad complied in all respects with the Copyright Act, 17 U.S.C. § 101 et seq., and is the sole owner of the exclusive rights, title, interests, and privileges in the Subject Photograph depicted in **Exhibit A**.

27. The Subject Photograph is the subject of a valid, subsisting United States copyright registration — U.S. Copyright Registration No. VAu 1-515-238 — which is in full force and effect and is identified in **Exhibit A** hereto. Haddad has complied in all respects with the Copyright Act, 17 U.S.C. § 101 et seq., and has satisfied the registration precondition to suit under 17 U.S.C. § 411(a).

28. The Subject Photograph is an original photographic work authored by Haddad that depicts Kobe Bryant — the legendary Los Angeles Lakers basketball star — wearing a Los Angeles Dodgers hat.

29. Prior to the acts complained of herein, Haddad widely and publicly displayed and disseminated the Subject Photograph, including on Haddad's website www.mitchellhaddadphoto.com and his social media platforms under the name "mitchellhaddadphoto."

30. Following Haddad's dissemination and display of the Subject Photograph, the Doe Defendants, and each of them, copied, reproduced, displayed, distributed, created derivative works of, and/or otherwise used the Subject Photograph, without license, authorization, or consent, in connection with the advertisement and sale of the Offending Products through their respective storefronts on the Online Marketplace Platforms.

31. Haddad has not licensed or authorized any Doe Defendant to use the Subject Photograph, and none of the Doe Defendants is an authorized retailer or distributor of Haddad's photography.

32. Upon information and belief, at all times relevant hereto, the Doe Defendants had actual or constructive knowledge of Haddad's intellectual property rights in the Subject Photograph, including through Haddad's numerous online profiles, publications, and press features displaying the Subject Photograph.

33. The Doe Defendants' conduct as alleged herein is willful, and has caused and continues to cause irreparable injury to Haddad, for which Haddad has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Doe Defendants, and Each)

34. Plaintiff repeats, realleges, and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

35. Haddad has complied in all respects with the Copyright Act and has secured the exclusive rights and privileges in and to the copyright in the Subject Photograph, including the U.S. copyright registration identified in **Exhibit A**.

36. Under 17 U.S.C. § 106, Haddad has the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and publicly display the copyrighted Subject Photograph.

37. Upon information and belief, the Doe Defendants, and each of them, had access to the Subject Photograph through Haddad's widespread public distribution of the Subject Photograph via his website and social media profiles, and/or through viewing the Subject Photograph as reproduced on other Offending Products.

38. The Doe Defendants, and each of them, infringed Haddad's exclusive rights by reproducing, displaying, distributing, and/or creating derivative works of the Subject Photograph without Haddad's authorization, in violation of 17 U.S.C. § 106.

39. The reproductions of the Subject Photograph appearing on and embodied in the Offending Products are identical, substantially similar, and/or strikingly similar to the Subject Photograph, and copy the original, protected elements of the Subject

Photograph, including without limitation Haddad's creative selection and arrangement of subject matter, pose, and expression; his choices of camera angle, framing, and composition; and his treatment of lighting, shadow, tone, and overall look and feel. These similarities extend to protected expression and are not the product of independent creation, coincidence, or any common, unprotected source, such that no reasonable possibility of independent creation exists.

40. As a direct and proximate result of the Doe Defendants' infringement, Haddad has suffered actual, general, and special damages in an amount to be established at trial pursuant to 17 U.S.C. § 504(b), and/or, at Haddad's election, statutory damages of up to $150,000.00 per infringed work pursuant to 17 U.S.C. § 504(c), given the willful nature of Defendants' conduct.

41. Due to the Doe Defendants' acts of infringement, the Doe Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement, and Haddad is entitled to disgorgement of such profits.

42. The harm caused to Haddad by the Doe Defendants' conduct is irreparable, and Haddad is entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against All Doe Defendants, and Each)

43. Plaintiff repeats, realleges, and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

44. Upon information and belief, certain of the Doe Defendants are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct of other Doe Defendants and had a direct financial interest in that infringing conduct.

45. Upon information and belief, and as alleged more fully above, one or more of the Doe Defendants directly infringed Plaintiff's rights in the Subject

Photograph, and other Doe Defendants — including the upstream manufacturers, importers, suppliers, and/or sellers of the Offending Products — are vicariously liable for that direct infringement because they possessed the right and the practical ability to supervise, control, and stop the infringing conduct, including the selection, reproduction, manufacture, listing, and distribution of the Offending Products, and declined to do so, and because they derived a direct financial benefit from the infringing conduct. The availability of the Offending Products bearing the Subject Photograph acted as a draw to Defendants' customers and directly enhanced the commercial value and saleability of Defendants' offerings, and each such Defendant saved the licensing fees and costs it would otherwise have owed Plaintiff.

46. By reason of the foregoing, Haddad has suffered general and special damages in an amount to be established at trial.

47. Due to the Doe Defendants' acts of vicarious copyright infringement as alleged herein, the Doe Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph, and Plaintiff is entitled to disgorgement of such profits in an amount to be established at trial.

48. The Doe Defendants' conduct as alleged herein was willful, intentional, and malicious, further subjecting the Doe Defendants to enhanced statutory damages under 17 U.S.C. § 504(c)(2).

**THIRD CLAIM FOR RELIEF**

(For Contributory Copyright Infringement – Against All Doe Defendants, and Each)

49. Plaintiff repeats, realleges, and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

50. Upon information and belief, one or more of the Doe Defendants, and/or the upstream manufacturers, importers, suppliers, and/or sellers who created and supplied the Offending Products, directly infringed Plaintiff's copyright in the Subject

Photograph, and the Doe Defendants, and each of them, with knowledge of that infringing activity, knowingly induced, caused, participated in, aided and abetted, materially contributed to, and profited from the unauthorized reproduction, display, and distribution of the Subject Photograph as alleged hereinabove.

51. The Doe Defendants, and each of them, had actual and/or constructive knowledge of, and/or were willfully blind to, the facts and circumstances surrounding the reproduction, display, distribution, and sale of the Offending Products and the resulting infringement of the Subject Photograph, including by reason of Haddad's widespread public dissemination and attribution of the Subject Photograph and the identical, substantial, and/or striking similarity between the Subject Photograph and the reproductions appearing on the Offending Products.

52. The Doe Defendants, and each of them, materially contributed to and induced the infringing conduct by, among other things, creating, listing, promoting, offering for sale, selling, and fulfilling orders for the Offending Products, and by providing the means, marketplace, and distribution channels through which the infringing Offending Products reached consumers, including consumers in California and this District.

53. The Doe Defendants' acts of contributory copyright infringement as alleged herein were and continue to be willful, intentional, and malicious, and have caused Plaintiff to suffer general and special damages in an amount to be established at trial. The Doe Defendants, and each of them, have further obtained direct and indirect profits they would not otherwise have realized but for their infringement, and Plaintiff is entitled to disgorgement of such profits. By reason of the willful nature of the Doe Defendants' conduct, the Doe Defendants, and each of them, are subject to liability for enhanced statutory damages under 17 U.S.C. § 504(c)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Doe Defendants, and each of them, as follows:

a. That Defendants, their agents, and/or anyone else working in concert with Defendants and their agents, be enjoined from infringing Plaintiff's copyrights in any manner and from further creating, manufacturing, causing to be manufactured, distributing, offering for sale, and/or selling the Offending Products;

b. That Defendants be required to deliver up for impoundment and destruction all infringing copies of the Offending Products, and all reproductions and derivatives of the Subject Photograph, together with all means for making the same, pursuant to 17 U.S.C. § 503;

c. That the Court grant Plaintiff leave to take early, limited third-party discovery directed to Walmart.com, Inc., eBay Inc., and Etsy, Inc. for the purpose of identifying the Doe Defendants and ascertaining the scope of their sales and contacts with California, as set forth in Plaintiff's concurrently filed Motion for Early Discovery;

d. That the Court grant Plaintiff leave to amend this Complaint to substitute the true names of Doe Defendants once ascertained;

e. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

f. That Plaintiff be awarded its fees and costs as available under 17 U.S.C. § 505;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 15, 2026 By: *<u>/s/ Trevor W. Barrett</u>*

Trevor W. Barrett, Esq.
Andres Navarro, Esq.
**DONIGER / BURROUGHS**
*Attorneys for Plaintiff*